76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nile James SMITH, Defendant-Appellant.
 No. 94-10590.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1995.
Decided Feb. 9, 1996.
 
 Before: HUG, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are called on to decide whether the district court erred in Smith's criminal trial by (1) denying his motion to suppress evidence, (2) ruling that the evidence was sufficient to support his convictions, or (3) enhancing his sentence under U.S.S.G. § 2K2.1(b)(5). We affirm in part and remand in part.[1]
 
 
 3
 * Smith first argues that the district court erred in denying his motion to suppress evidence of the seizure of the shotgun from the trunk of his car.[2] He argues that (1) the search of the vehicle exceeded the scope of the search warrant, (2) his wife did not voluntarily and knowingly consent to a search of the vehicle, and (3) because there was no probable cause to search the vehicle, the search was improper under the "automobile exception" to the warrant requirement.
 
 
 4
 A recent decision of this court indicates that Smith's argument must fail. In United States v. Duque, 62 F.3d 1146 (9th Cir.1995), this court held that "a search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises." Id. at 1151 (citations, quotations omitted). In this case, the vehicle in question was registered in Smith's name and was parked on the property described in the search warrant. As such, the search was proper, and the district court did not err.[3]
 
 II
 
 5
 Smith next argues that there was insufficient evidence to support his conviction on Count II for possession of the .380 ammunition. We must determine whether, reviewing the evidence in the light most favorable to the prosecution, there is sufficient evidence to conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). While the question is a close one, we conclude that there was sufficient evidence to support the conviction.
 
 
 6
 Three pieces of evidence supported Smith's conviction on this count. First, Smith's thumbprint was found on the plastic tray containing the ammunition. Second, Smith's response to questions posed by law enforcement officials indicated that he knew that the pistol registered in his wife's name (and found in their bedroom) was a .380 caliber weapon. Third, the armoire in which the pistol was found contained papers with Smith's name on them. When viewed in the light most favorable to the prosecution, we conclude that this evidence is sufficient to support the conviction.
 
 
 7
 The majority of Smith's arguments on this issue essentially dispute the jury's factual findings. For example, Smith argues that the facts that the armoire in which the ammunition was found contained papers bearing his name, and that he was aware of the type of weapon his wife owned, are inconclusive. He also argues that the evidence suggests that his wife used the armoire, while he did not. In addition, he notes that the .380 ammunition which he was found guilty of possessing was clearly intended for use in the .380 pistol, which was registered in his wife's name and which he was acquitted of possessing. Finally, he argues that there are any number of ways he could have put his fingerprints on the ammunition tray without actually "possessing" the ammunition.
 
 
 8
 The problem with these arguments is that they essentially ask this court to view the evidence in the light most favorable to Smith. As noted above, we are required to review the evidence in the light most favorable to the government, and when viewed in that light the evidence is sufficient to support the conviction.[4]
 
 III
 
 9
 Smith also argues that there was insufficient evidence to support his conviction on Count I for possession of the shotgun. The evidence offered in support of this conviction included the following: (1) the shotgun was found in the trunk of a car registered to Smith; (2) the car was located on Smith's property; (3) Smith knew the shotgun was on his property (as evidenced by his comments to Officer Aiu and Agent Maxwell); (4) Smith's neighbors testified that he had previously admitted firing a weapon which discharged "birdshot" at some local dogs; (5) the shotgun found in the car was capable of firing "birdshot;" and (6) a box of "birdshot" ammunition was found in Smith's house. When viewed in the light most favorable to the government, this evidence is clearly sufficient to allow a reasonable jury to find beyond a reasonable doubt that Smith possessed the shotgun.
 
 
 10
 * Smith raises two challenges to this conclusion. First, he raises a number of arguments which focus on the fact that his wife also had control over the car in which the shotgun was found. On that basis, he argues that the government failed to prove that he exercised "exclusive" control over the car, and that he therefore cannot be held liable for possessing the shotgun. This argument fails, however, because the government was not required to prove that Smith had exclusive control over the car. When viewed in the light most favorable to the prosecution, the evidence is clearly sufficient to warrant a reasonable inference that Smith exercised control over the car, which was registered in his name and parked on his property, and that he possessed the shotgun in that car.
 
 B
 
 11
 Smith's second argument raises what appears to be a question of first impression in the Ninth Circuit. That question is whether, when determining whether there is sufficient evidence to support one of two multiplicious counts in a criminal indictment, the prosecution may rely on the same items of evidence to prove each of the multiplicious charges, or whether it must distinguish between the charges and offer each item of evidence only in support of one or the other of the charges. The question arises because Counts I and III of the indictment are concededly multiplicious, and because Smith argues that the district court erred by allowing the testimony of George and Frances Gines to be used in support of both Count I and Count III. Smith argues that the testimony may have only been properly introduced in support of Count III, and that without that testimony there was insufficient remaining evidence to support his conviction on Count I.
 
 
 12
 We need not address this argument, however, because we conclude that even without the evidence of the Gines' testimony, there was sufficient remaining evidence to support Smith's conviction on Count I. As noted above, the evidence offered in support of this conviction included the facts that (1) the shotgun was found in the trunk of Smith's car, (2) the car was located on Smith's property, and (3) Smith knew the shotgun was on his property. This evidence was properly admitted in support of Count I, and, when viewed in the light most favorable to the government, it was alone sufficient to support that conviction. We therefore need not address Smith's arguments on the multiplicity issue.
 
 
 13
 However, we conclude that the district court did err by "merging" the two multiplicious convictions. Before trial, Smith filed a motion seeking to dismiss either Count I or Count III, on the grounds that "unless the government can clearly prove that the firearm capable of firing birdshot is not the .410 shotgun charged in Count One, then Count One and Count Three are multiplicious." The district court denied this motion, stating as follows:
 
 
 14
 Acknowledging the issue of multiplicity, the government has agreed that if appellant is convicted of both Count One and Count Three, the Court should enter judgment on only one of the counts, thereby circumventing the problem of multiplicity. This treatment is consistent with Ball v. United States, 470 U.S. 856 (1985), wherein the Supreme Court held that a defendant who was charged and convicted on two counts ... could not be punished for both offenses, although the government could seek a multi-count indictment against him.
 
 
 15
 After Smith was convicted on both counts, the district court merged the charges and sentenced Smith for only one of the convictions. Our reading of Ball leads us to conclude that this was an inadequate solution. The Ball Court stated that the proper solution in such a case is for the court to vacate one of the convictions. Id. at 864. Accordingly, we vacate Smith's conviction on Count III.[5]
 
 IV
 
 16
 Smith's last argument is that the district court erred by enhancing his sentence, pursuant to U.S.S.G. § 2K2.1(b)(5), for possessing the .410 shotgun in connection with the offense of counterfeiting.[6]
 
 
 17
 U.S.S.G. § 2K2.1(b)(5) states in relevant part that:
 
 
 18
 If the appellant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.
 
 
 19
 U.S.S.G. § 2K2.1(b)(5). The district court apparently based its enhancement on its conclusion that both the shotgun seized from Smith's car and the .380 pistol found in the rafters of the shed were possessed in connection with the counterfeiting.
 
 
 20
 * Smith first argues that the district court erred in concluding that the government proved by a preponderance of the evidence that he was intentionally engaged in counterfeiting.[7] This argument is without merit. Given the presence of counterfeiting equipment on Smith's property and his prior conviction for the same offense, we conclude that the district court did not clearly err in finding that the government proved by a preponderance of the evidence that Smith was engaged in "another felony."
 
 B
 
 21
 Second, Smith argues that the district court clearly erred by finding that the government had proven by a preponderance of the evidence that the .410 shotgun was possessed "in connection with" the counterfeiting activity, as required by U.S.S.G. § 2K2.1(b)(5). We reject this argument as well.
 
 
 22
 The relevant test is that outlined in United States v. Routon, 25 F.3d 815 (9th Cir.1994). In that case, this court held that in interpreting the phrase "in connection with" in U.S.S.G. § 2K2.1(b)(5), reference should be made to cases interpreting the phrase "in relation to" in 18 U.S.C. § 924(c)(1).[8] Id. at 818-19. Relying in part on Smith v. United States, 113 S.Ct. 2050, 2058-59 (1993), the court concluded that:
 
 
 23
 [T]he prosecution will have to make a greater showing than a defendant's mere possession of a firearm to obtain a section 2K2.1(b)(5) enhancement. Instead, to the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated--i.e. had some potential emboldening role in--a defendant's felonious conduct.
 
 
 24
 Id. at 819 (citations omitted) (emphasis added).[9]
 
 
 25
 The district court in this case found that the ready availability of the shotgun in the trunk of the car played a role in emboldening Smith to carry out his counterfeiting activity. Smith disputes this point by arguing that "proof of possession of an unloaded shotgun in a car trunk some distance from a shed containing alleged counterfeiting devices hardly meets the quantum of proof required by this Court in Routon." We are not persuaded.
 
 
 26
 Even though the shotgun was unloaded and was in the trunk of Smith's car, the car was parked quite close to both Smith's house and to the shed containing the counterfeiting equipment. Given this fact, and given the fact that under Routon the government need only show that the manner in which the gun was possessed permits an inference that the gun potentially facilitated Smith's conduct, we cannot say that the district court's finding was clearly erroneous. We therefore reject Smith's argument.[10]
 
 C
 
 27
 Third and finally, Smith argues that the district court erred by basing the enhancement on the counterfeiting activity in spite of the fact that "Smith never went to trial on the charge of counterfeiting [because] the evidence which the government intended to use to prove up that charge was suppressed." This argument is also without merit. Application Note 7 of the Commentary to section 2K2.1(b)(5) states that " '[f]elony offense,' as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." (Emphasis added). It is therefore irrelevant that Smith was never actually charged with counterfeiting activity, and we conclude that the district court did not err.
 
 V
 
 28
 For these reasons, we remand with instructions to the district court to vacate Smith's conviction on Count III, but affirm in all other respects.
 
 
 29
 AFFIRMED in part and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Smith was charged with three counts of being a convicted felon in possession of firearms or ammunition in violation of 18 U.S.C. § 922(g). Count I charged him with possessing a .380 pistol and a .410 shotgun; he was acquitted of possessing the pistol and convicted of possessing the shotgun. Count II charged him with possession of .380 ammunition and .410 shotgun shells; he was convicted of possessing the .380 ammunition, but the jury was unable to reach a verdict on the shotgun shells. Count III charged him with possessing a "firearm capable of firing birdshot, the exact type of which is unknown"; he was convicted of this charge
 
 
 [2]
 We review motions to suppress evidence de novo, and the district court's factual findings for clear error. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995) (citation omitted)
 
 
 [3]
 Even though the district court did not reach this argument (because it ruled for the prosecution on the consent argument), the court's admission of evidence may be affirmed on any basis supported by the record. United States v. Alexander, 48 F.3d 1477, 1487 (9th Cir.) (citation omitted), cert. denied, 116 S.Ct. 210 (1995)
 
 
 [4]
 Smith also argues that under Mikes v. Borg, 947 F.2d 353 (9th Cir.1991), cert. denied, 505 U.S. 1229 (1992), he cannot be convicted solely on the basis of fingerprint evidence. However, Mikes is distinguishable because, as noted above, the fingerprint evidence in this case is not the only evidence supporting Smith's conviction. In addition, Mikes explicitly acknowledged that "[w]e have held that fingerprint evidence alone may under certain circumstances support a conviction." Id., 947 F.2d at 356 (citation omitted)
 
 
 [5]
 Our conclusion that Count III must be vacated is also motivated by our concern that, in light of "three strikes and you're out" sentencing laws, allowing each of the "merged" multiplicitous convictions to stand might conceivably cause a future court to improperly assess Smith with two convictions
 
 
 [6]
 We review the district court's interpretation and application of the Guidelines de novo, and its factual findings for clear error. United States v. Oliver, 60 F.3d 547, 554 (9th Cir.1995)
 
 
 [7]
 For the purposes of fact-finding during sentencing, the government bears the burden of proof by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 503 U.S. 961 (1992)
 
 
 [8]
 Section 924(c)(1) requires the imposition of penalties if the defendant, "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm."
 
 
 [9]
 This reading is entirely consistent with Smith's statement that "[t]he phrase 'in relation to' thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the [other] crime; its presence or involvement cannot be the result of accident or coincidence." Smith, 113 S.Ct. at 2059
 
 
 [10]
 Smith also argues that the district court erred by basing the enhancement on the pistol found in the shed, rather than solely on the shotgun. He argues that the phrase "any" firearm is intended to refer only to firearms in the charged offense, and that the suppressed evidence of the pistol cannot be used as a "bridge" between the shotgun possession and the counterfeiting. The government responds by asserting that "[t]he plain language of Guideline § 2K2.1(b)(5) requires the enhancement where any firearm is possessed in connection with another felony offense. Thus, the specific firearm possessed in connection with the other felony need not be a firearm charged in the offense conduct."
 Because we conclude that the enhancement in this case may be supported solely on the basis of Smith's possession of the shotgun (i.e. the weapon in the charged offense), we need not address Smith's argument that the court erred by also basing the enhancement on the pistol found in the shed.