95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudy VARGAS, Defendant-Appellant.
 No. 95-50320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Vargas appeals his conviction and 77-month sentence following a jury conviction of two counts of robbery of a post office in violation of 18 U.S.C. § 2114. Pursuant to Anders v. California, 386 U.S. 738 (1967), Vargas' attorney has filed a brief stating he finds no issues for review. Vargas has also filed a pro se supplemental brief. After conducting an independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), coupled with an examination of the issues Vargas has raised in his supplemental brief, we affirm the district court's judgment.
 
 
 3
 In his pro se supplemental brief, Vargas contends that (1) the evidence was insufficient to support his conviction; (2) a photographic line-up was impermissibly suggestive; and (3) a juror committed misconduct.[1] These contentions lack merit.
 
 
 4
 Vargas first contends that the evidence was insufficient to sustain his conviction. Specifically, he argues that he could not have committed the robberies because he was injured at the time of the robberies and because a witness described the robber as having a tattoo he does not have. He also argues that the witness identifications were flawed because the robber wore a disguise.
 
 
 5
 We review for plain error because Vargas did not move for an acquittal at the close of trial. See United States v. Oliver, 60 F.3d 547, 550-51 (9th Cir.1995). Evidence is sufficient to support a conviction if " 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Ginn, 87 F.3d 367, 369 (9th Cir.1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "The testimony of one eyewitness, if solidly believed, is sufficient to prove the identity of a perpetrator of a crime." Id.
 
 
 6
 Here, the two postal workers who were robbed unequivocally identified Vargas as the man who robbed them both at the photo line-up and at trial. The second postal worker even recognized Vargas as the same man who had earlier robbed the post office. Another witness testified that the robber fled in a white Mustang with the license plate XIH621. A white Mustang with license number XIH621 was registered to Vargas. In addition, the jury viewed surveillance videos of both robberies. Given this evidence, a reasonable jury could have convicted Vargas of the robberies. See id. ("The evidence is not rendered insufficient simply because there are discrepancies in the eyewitnesses' descriptions of the robber.")
 
 
 7
 Vargas next contends that the photo line-up was impermissibly suggestive because the robber wore a black jacket and he was the only one in the line-up wearing a black jacket. We disagree.
 
 
 8
 Vargas did not object to the line-up at trial, thus we review for plain error. See United States v. Young, 470 U.S. 1, 15-16 (1985). "To determine whether an identification procedure is impermissibly suggestive, we review the totality of the circumstances." United States v. Jones, 84 F.3d 1206, 1209 (1996); see also United States v. Carbajal, 956 F.2d 924, 929 (1992) (holding that photo line-up was not impermissibly suggestive where all six photos were of Hispanic males in the same age range, with similar skin, eye and hair coloring even though defendant was only one with discernible bruises and a wig), cert. denied, 510 U.S. 900 (1993).
 
 
 9
 Here, the photographs all depict male Hispanics with similar facial features, complexions and hair styles. In addition, one other man in the photo line-up was wearing a very dark shirt or jacket. Having viewed the photo line-up, we do not find it to be "impermissibly suggestive." See Jones, 84 F.3d at 1209; Carbajal, 956 F.2d at 929.
 
 
 10
 Finally, Vargas contends that a juror committed misconduct because he or she told Vargas' attorney after the trial that Vargas appeared guilty because he did not testify in his own defense. "Federal Rule of Evidence 606(b) bars the use of a juror's 'mental processes' to inquire into the validity of a verdict." United States v. Span, 75 F.3d 1383, 1390 n. 8 (9th Cir.1996). Accordingly, we reject this contention. See id. (holding that juror's statement during post-trial interview that he knew defendant was guilty from the first day insufficient to set aside the verdict).
 
 
 11
 Because our independent review of the record pursuant to Penson, 488 U.S. at 83, yields no meritorious issue for review counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record on appeal is insufficient to assess Vargas' ineffective assistance of counsel claim. See United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995) ("Ineffective assistance of counsel claims are not ordinarily reviewed on direct appeal.")