**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Leonid VGERI, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Ervin STRAMARKO, Defendant–
Appellant.**

Nos. 94–10058, 94–10146.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1995.

Decided April 7, 1995.

Jan Rubinstein, Howard Trapp Inc., Agana, Guam, for defendant-appellant Vgeri.

Robert E. Hartsock, Moore Ching Boertzel Civille Dooley & Roberts, Agana, Guam, for defendant-appellant Stramarko.

Mark E. Kondas, Asst. U.S. Atty., Agana, Guam, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HUG, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Vgeri appeals his conviction and sentence for conspiracy to distribute cocaine. Stramarko appeals his conviction for possession of cocaine with intent to distribute. We have jurisdiction under 28 U.S.C. § 1291. We affirm both convictions and Vgeri's sentence, and dismiss Vgeri's ineffective assistance of counsel claim.

## BACKGROUND

On June 18, 1993, Maria Gogue, an informant, met DEA Special Agent Jonathan Anderson behind her residence. She told him that Ervin Stramarko would be bringing cocaine to Guam. Gogue also indicated that she was upset with Stramarko because he had not compensated her in connection with a previous cocaine transaction. Agent Anderson asked Gogue to get more information about the anticipated cocaine shipment.

Approximately a week later, Gogue called Agent Anderson and told him that a man named "Louie," later identified as Vgeri, had just arrived in Guam with a large quantity of cocaine. According to Gogue, Stramarko had driven Vgeri to her apartment. There, Vgeri showed her strapping marks on his body that he claimed were caused by taping the cocaine around his waist before boarding a flight to the island. She also told Agent Anderson that Vgeri was looking for potential buyers. Anderson asked Gogue to make arrangements for him to buy $5,000 worth of cocaine from Vgeri.

Three days later, Stramarko and Vgeri went to Gogue's residence. Stramarko returned to his hotel after about 20 minutes. Vgeri and Gogue remained and discussed selling cocaine to Anderson. Stramarko returned to Gogue's residence to pick up Vgeri, and both went back to their hotel. Gogue then spoke to Anderson, telling him that the transaction would occur at King's Restaurant at 6:00 that evening.

Prior to the scheduled transaction, Anderson met with Gogue. She was outfitted with a recording device and was given $5,000 to purchase the drugs. Gogue went to King's and met with Vgeri. After receiving the $5,000, Vgeri told Gogue that he would return with the cocaine. Fifteen minutes later, Vgeri returned with Stramarko. Vgeri gave Gogue five ziplock bags containing nearly 25 grams of cocaine. Agents arrested Vgeri and Stramarko as they attempted to leave the parking lot. The agents found a plastic packet containing 5 grams of cocaine in Stramarko's pocket.

A search of Vgeri and Stramarko's hotel room revealed a white plastic bag located inside a vent in the ceiling. The bag contained 172 small ziplock packets containing a total of 830 grams of cocaine. Subsequent tests showed Stramarko's left thumbprint on the bottom of the white plastic bag. The search also produced a small ziplock packet containing .46 grams of cocaine wrapped in magazine paper. Vgeri's right and left thumbprints were on the magazine paper. The agents also found a loaded semi-automatic pistol, ammunition, a white girdle, and a Northwest airline ticket belonging to Vgeri, white sanitary bags, and various identification documents belonging to Vgeri and Stramarko.

On July 2, 1993, a grand jury returned a four-count indictment charging Vgeri and Stramarko with: (1) conspiracy to distribute cocaine; (2) possession of cocaine with intent to distribute; (3) importation of cocaine; and (4) use of a firearm in connection with a controlled substance offense.

Trial commenced September 7, 1993. Vgeri was convicted on the conspiracy count but acquitted on the remaining counts. Stramarko was convicted of possession of cocaine with intent to distribute and acquitted on the remaining charges. Vgeri and Stramarko were each sentenced to 78 months in custody. Both filed timely notices of appeal.

1. Pursuant to Fed.R.App.P. 28(i), Stramarko has adopted the arguments contained in Vgeri's brief. For ease of reference, only Vgeri is men-

## DISCUSSION

### I. Vgeri

#### A. Sufficiency of the Evidence

Vgeri contends that there was insufficient evidence to support his conviction for conspiracy to distribute cocaine.[1] When reviewing a challenge to the sufficiency of the evidence, we determine "whether, after reviewing 'the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Bishop*, 959 F.2d 820, 829 (9th Cir.1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

Vgeri argues that there is no evidence that Stramarko, who was acquitted on the conspiracy charge, or any other unnamed or unindicted co-conspirator agreed with Vgeri to distribute cocaine from June 24 to June 27, 1993. On that basis, he concludes that he cannot be properly convicted of conspiracy. We reject the argument.

To establish conspiracy under 21 U.S.C. § 848, the government must show an agreement to engage in criminal activity. *United States v. Shabani*, — U.S. —, —, 115 S.Ct. 382, 386, 130 L.Ed.2d 225 (1994). It need not prove a formal agreement. Rather, "the agreement may be inferred from the defendants' acts pursuant to the scheme, or other circumstantial evidence." *United States v. Disla*, 805 F.2d 1340, 1348 (9th Cir.1986).

The record reflects a wealth of evidence from which an agreement between Vgeri and Stramarko to distribute cocaine could reasonably be inferred by the trier of fact. They travelled to Guam on or about the same date. They shared a hotel room together, which was in Stramarko's name. Stramarko's thumbprint was found on the bag containing 830 grams of cocaine. Stramarko drove Vgeri to and was present during the cocaine sale to Agent Anderson. These and other facts presented at trial are

tioned in connection with his arguments, although the reasoning is equally applicable to Stramarko.

more than sufficient for a rational juror to infer that Vgeri and Stramarko agreed to distribute cocaine as charged in Count I of the indictment.

## B. Alleged *Brady* Violations

Vgeri contends that the government improperly withheld information about Gogue in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review de novo challenges to a conviction for alleged *Brady* violations. *United States v. Woodley,* 9 F.3d 774, 777 (9th Cir.1993).

The prosecution's obligations under *Brady* include the duty to produce impeachment evidence. *Bagley v. Lumpkin,* 798 F.2d 1297, 1301 (9th Cir.1986). Withheld impeachment evidence must be material such that "if disclosed and used effectively ... it may [have made] the difference between conviction and acquittal." *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). We also "consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case" and assess that effect under the totality of the circumstances. *Id.* at 683, 105 S.Ct. at 3384.

Vgeri argues that the government failed to disclose Gogue's prior relationship with law enforcement officials and the fact that she had participated in the burglary of Stramarko's female companion's home.

■ There was no *Brady* violation. The jury heard extensive testimony regarding Gogue's cooperation with DEA, her considerable history of drug use, and her animosity toward Stramarko arising from their previous drug transaction. The disputed information concerning Gogue's alleged prior cooperation with law enforcement would not have been the difference between conviction and acquittal. *Bagley,* 473 U.S. at 676, 105 S.Ct. at 3380.

■ During trial, the government disclosed that it had just learned that Gogue had been involved in a burglary of Stramarko's female companion's house. Vgeri's counsel cross-examined Gogue about the burglary. The government disclosed the infor-

mation at a time when it was of value to Vgeri. *United States v. Juvenile Male,* 864 F.2d 641, 647 (9th Cir.1988) ("No violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value."); *United States v. Gordon,* 844 F.2d 1397, 1403 (9th Cir.1988) (same).

## C. Gogue's Prior Conviction

■ At the beginning of her cross-examination of Gogue, Vgeri's counsel requested leave to question her about a prior conviction for grand theft, which was 18–years old. The district court denied the motion, stating that counsel "should have brought [it] up earlier."

Evidentiary rulings are reviewed for an abuse of discretion. *United States v. Blaylock,* 20 F.3d 1458, 1462 (9th Cir.1994). A district court's interpretation of the Federal Rules of Evidence is a question of law and is reviewed de novo. *United States v. Cuozzo,* 962 F.2d 945, 947 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 475, 121 L.Ed.2d 381 (1992).

It is undisputed that Vgeri failed to comply with Fed.R.Evid. 609(b), which provides that, "evidence of a conviction more than 10 years old ... is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Fed.R.Evid. 609(b).

Vgeri argues that he was unable to comply with the advance written notice requirement under Rule 609(b) because he did not learn of Gogue's prior conviction until the Friday before trial. Gogue's testimony began on Wednesday, September 8, 1993. Vgeri had at least one full business day to provide the requisite written notice. It was not an abuse of discretion to deny Vgeri leave to cross-examine Gogue about the 18–year–old conviction. *United States v. Colletti,* 984 F.2d 1339, 1343 (3d Cir.1992) ("The district court's ruling that the proposed impeachment would not be permitted because appellants failed to provide advance notice to the government is unassailably correct."); *United States v. Peak,* 856 F.2d 825, 830 (7th Cir.) (district

court did not unduly restrict cross-examination where counsel, among other things, failed to provide advance written notice of intent to use stale conviction), *cert. denied,* 488 U.S. 969, 109 S.Ct. 499, 102 L.Ed.2d 535 (1988); *United States v. Livingston,* 816 F.2d 184, 190 (5th Cir.1987) (same).

### D. Jury Instructions

Vgeri contends that the district court erred in denying his request for an addict-informer jury instruction regarding Gogue. We review for abuse of discretion a refusal to give an addict-informer instruction. *United States v. Rabb,* 752 F.2d 1320, 1325 (9th Cir.1984), *cert. denied,* 471 U.S. 1019, 105 S.Ct. 2027, 85 L.Ed.2d 308 (1985); *United States v. Ochoa–Sanchez,* 676 F.2d 1283, 1289 (9th Cir.), *cert. denied,* 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982).

■ A "witness using drugs" or "addict" instruction is appropriate when a witness is a drug addict. The instruction is not required, however, if: (1) the addiction is disputed; (2) the defense adequately cross-examines the witness about the addiction; or (3) another cautionary instruction is given. *Ochoa–Sanchez,* 676 F.2d at 1289.

■ The requested instruction provided: "there has been evidence [that Gogue] ... was using drugs when certain events she observed took place." There is record evidence that Gogue used cocaine between her first meeting with Agent Anderson and the arrests of Vgeri and Stramarko, but Vgeri failed to establish that Gogue was under the influence of drugs during any of the events to which she testified. Further, Vgeri's counsel extensively cross-examined Gogue about her drug use. The court also gave specific instructions regarding credibility of witnesses, character for truthfulness, and testimony under grant of immunity. The record precludes a finding of abuse of discretion.

Vgeri requested an instruction on witness bias and hostility. The court declined to give the requested instruction; instead, it gave the Ninth Circuit Model Instruction on credibility of witnesses (3.07). Vgeri argues that the district court erred because his theory of defense was founded upon Gogue's bias and lack of credibility and was supported by the evidence. We reject the argument.

A defendant is entitled to a jury instruction "on his theory of defense, provided that it is supported by the law and has some foundation in the evidence." *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). Vgeri's requested instruction, however, did not state the law of a legal defense to the charged offenses. *See United States v. Garcia,* 37 F.3d 1359, 1366 (9th Cir.1994) (no error in refusing instruction because "[i]t did not provide the requisites of a legal defense to the offense charged"). Rather, it would have added the court's voice to Vgeri's argument that the testimony by Gogue should be discredited.

■ Further, the essence of Vgeri's requested instruction—that Gogue's testimony should be viewed with caution in light of her acknowledged anger toward Stramarko—was provided by the instructions on credibility of witnesses, character for truthfulness, and testimony under grant of immunity. Vgeri was not entitled to any particular form of instruction. *United States v. Solomon,* 825 F.2d 1292, 1295 (9th Cir.1987), *cert. denied,* 484 U.S. 1046, 108 S.Ct. 782, 98 L.Ed.2d 868 (1988).

### E. Sentencing

■ Vgeri argues that the district court erred in finding that the 830 grams of cocaine found in the hotel room was within the scope of the conspiracy. He contends that the district court should have sentenced him using a drug quantity of less than 25 grams, the amount sold to Agent Anderson.

A district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Buenrostro–Torres,* 24 F.3d 1173, 1174 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. *Id.*

"Under the Guidelines each coconspirator, for sentencing purposes, is to be judged not on the distribution made by the entire conspiracy but on the basis of the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the coconspirators." *United*

*States v. Petty,* 992 F.2d 887, 890 (9th Cir. 1993).

The district court did not err in calculating Vgeri's sentence. In *United States v. Diaz–Rosas,* 13 F.3d 1305 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1848, 128 L.Ed.2d 473 (1994), we held that a sentence on a conspiracy charge may be based upon a quantity of narcotics for which the defendant was acquitted of possessing if the drugs were foreseeably within the scope of the conspiracy. *Id.*[2]

The government had the burden of establishing by a preponderance of the evidence that the 830 grams were within the scope of the agreement between Vgeri and Stramarko to distribute cocaine. *Petty,* 992 F.2d at 891 (government must establish drug quantities within scope of agreement by preponderance of the evidence). The record reflects that the burden was met.

## II. Stramarko

Stramarko asserts two arguments: (1) that his trial counsel failed to render effective assistance; and (2) that the district court erred in admitting evidence of prior bad acts.

### A. Ineffective Assistance of Counsel

■■■ Ineffective assistance of counsel claims are not ordinarily reviewed on direct appeal. *See, e.g., United States v. Simas,* 937 F.2d 459, 463 (9th Cir.1991); *United States v. Laughlin,* 933 F.2d 786, 788–89 (9th Cir.1991); *United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir.1991). Such claims are more appropriately raised in habeas corpus proceedings. *Id.* We have recognized an exception to this general rule, however,

where "the record is sufficiently developed to permit the reviewing court to resolve the issue, or when assistance is so inadequate that it obviously interferes with a defendant's Sixth Amendment right to counsel." *United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992) (citation omitted).

The district court has had no opportunity to assess the merits of Stramarko's ineffective assistance claim. The record includes no explanation by Stramarko's trial counsel of strategic decisions. We are therefore precluded from meaningful review of Stramarko's ineffective assistance claim. *Daly,* 974 F.2d at 1218. Nor can we conclude from the record that Stramarko's trial counsel was so inadequate that Stramarko was obviously deprived of his right to counsel. Neither *Daly* exception applies.

### B. Evidence of Stramarko's Prior Bad Act

■■■ Stramarko contends that the district court erred in permitting Vgeri's counsel to elicit testimony from Gogue about previous drug transactions in which he participated. We find no error, but even if the district court erred in admitting the evidence of Stramarko's prior bad acts, it was harmless.

■■■ A nonconstitutional error at trial will not result in reversal if the government shows that the error more probably than not was harmless. *United States v. Rahm,* 993 F.2d 1405, 1415 (9th Cir.1993). The overwhelming evidence that Stramarko possessed cocaine with intent to distribute precludes a conclusion that the evidence of his prior cocaine transactions had any impact on the verdict.[3]

---

**2.** At oral argument, Vgeri contended that his sentence violates *United States v. Brady,* 928 F.2d 844 (9th Cir.1991). There we held that the Guidelines do not allow "a court to reconsider facts during sentencing that have been rejected by a jury's not guilty verdict." *Id.* at 851. Vgeri's reliance on *Brady* is misplaced. In acquitting Vgeri of Count II (importing cocaine) and Count III (possession with intent to distribute cocaine), the jury rejected the government's charges that Vgeri personally took part in the importation and possession. When determining Vgeri's sentence, the district judge found by a preponderance of the evidence that "though the jury may not have been convinced beyond a reasonable doubt that it was Vgeri that possessed

with intent to distribute the 830 grams, there is still sufficient evidence on the record for this Court to conclude that Vgeri was involved with 830 grams as a member of the conspiracy that brought the cocaine into Guam." Vgeri's sentence on the conspiracy count was based on his participation in the conspiracy, not facts rejected by the jury. Our holding in *Brady* is therefore inapposite.

**3.** Vgeri purports to adopt the arguments asserted in Stramarko's briefs as permitted by Fed. R.App.P. 28(i). However, Stramarko's ineffective assistance of counsel argument is necessarily defendant-specific; Vgeri's failure to discuss the issue in his briefs precludes adoption of it. As

AFFIRMED. Stramarko's ineffective assistance of counsel claim is DISMISSED.

for the prior bad acts argument, Vgeri's counsel solicited the disputed testimony. *See United States v. Schaff,* 948 F.2d 501, 506 (9th Cir.1991) (errors invited by complaining party will result in reversal only in the most exceptional situation).