81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Diana Lee TORREJON, aka Diana Lee Nevell, Defendant-Appellant.
 No. 95-10014.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.*
Decided March 26, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Diana Lee Torrejon, aka Diana Lee Nevell, appeals her conviction for providing heroin to an inmate at a correctional facility, in violation of 18 U.S.C. §§ 1791(a)(1) and 1791(b)(1). She also appeals her sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 FACTS
 
 3
 Torrejon visited her husband, Lance Nevell, while he was an inmate at a federal correctional facility. Torrejon brought her baby with her. Captain Michael Janas testified he was monitoring the visit and noticed that Nevell kept looking towards the officer's station. Based on his experience, Captain Janas believed Torrejon and Nevell were involved in something other than a social visit.
 
 
 4
 Captain Janas testified that, at one point, it appeared Torrejon and Nevell exchanged something behind the baby. Nevell then began holding the baby in an unusual manner and appeared to have something in his hand. Captain Janas testified that Nevell "appeared to bob his head down towards the tummy side of the baby in a manner that in [his] experience there was the very real possibility that [Nevell] had ingested something." A short time later, Nevell took a drink of soda and then turned towards Torrejon and stuck his tongue out. The visit was videotaped and the videotape was shown to the jury.
 
 
 5
 Based on his suspicion, Captain Janas had Nevell removed from the visiting room and placed in a "dry cell." The next morning, prison officials found a balloon containing heroin in Nevell's feces.
 
 
 6
 At the conclusion of the first trial, the district court granted Torrejon's motion for a new trial after finding the jury considered extrinsic evidence. In a memorandum disposition, we affirmed. United States v. Nevell, No. 93-10683 (9th Cir.1994). In a second trial, a jury found Torrejon guilty of violating 18 U.S.C. §§ 1791(a)(1) and (b)(1).
 
 
 7
 In December 1994, the district court sentenced Torrejon to thirty-six months imprisonment and thirty-six months of supervised release. The district court departed downward from the Sentencing Guidelines, finding mitigating circumstances. This appeal followed.
 
 DISCUSSION
 A. Admission of Evidence
 
 8
 Torrejon first contends the district court erred by admitting into evidence questions asked by Nevell. When prison officials discovered the balloon of heroin, Nevell asked, "What is going to happen to my wife? What are you going to do?" Nevell argues these questions are hearsay and not admissible under a hearsay exception. We disagree.
 
 
 9
 The district court ruled the evidence was admissible either as a present sense impression or an excited utterance. We review for an abuse of discretion the district court's admission of evidence under an exception to the hearsay rule. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 506 U.S. 858 (1992).
 
 
 10
 Even if the questions were hearsay, the district court did not err in determining the evidence was admissible under the excited utterance exception.[1] To be admissible under the excited utterance exception, "there must be some occurrence or event sufficiently startling to render normal reflective thought processes inoperative" and the statement "must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." United States v. McLennan, 563 F.2d 943, 948 (9th Cir.1977) (quotation omitted), cert. denied, 435 U.S. 969 (1978).
 
 
 11
 Nevell asked the questions immediately after prison officials found the balloon of heroin in his feces. It was then he learned the officials had discovered his crime. Captain Janas testified Nevell appeared very nervous. The district court did not err by admitting the questions as excited utterances. See United States v. Lim, 984 F.2d 331, 336 (9th Cir.) (concluding statements made immediately after arrest are admissible as excited utterances), cert. denied, 113 S.Ct. 2944 (1993).
 
 
 12
 To the extent that Nevell's questions implied that his wife had smuggled contraband into the prison, they equally implied that he himself was guilty of bringing in contraband. Nevell's questions, therefore, "so far tended to subject the declarant to ... criminal liability ... that a reasonable person would not have made the [implied] statement unless believing it to be true." Fed.R.Evid. 804(b)(3). Thus, assuming Nevell's unavailability under Fed.R.Evid. 804(a)(1), even if his questions were not an excited utterance, admission of the testimony would still be within the district court's discretion.
 
 B. Sufficiency of Evidence
 
 13
 Torrejon next contends the evidence was insufficient to support her conviction. We review the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 14
 The jury viewed the videotape of the visit and could reasonably find Torrejon gave Nevell the balloon of heroin during the visit. The jury also could rely on Captain Janas's testimony that he believed the two had exchanged something and Nevell had swallowed something during the visit. The evidence further showed that Captain Janas's suspicions were confirmed. Nevell was placed in a dry cell and the next morning a yellow balloon containing heroin was found in his feces. There was ample evidence to support Torrejon's conviction.
 
 C. Sentencing
 
 15
 Torrejon contends the district court erred by determining her base offense level was 26. She argues her correct base offense level should be either 12 or 14. We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Pena-Carrillo, 46 F.3d 879, 884 (9th Cir.), cert. denied, 115 S.Ct. 1990 (1995). We conclude the district court correctly determined Torrejon's base offense level.
 
 
 16
 Torrejon was convicted under 18 U.S.C. § 1791(a)(1) and was subject to punishment under 18 U.S.C. § 1791(b)(1).[2] Consequently, Sentencing Guidelines Section 2P1.2 applies. If a defendant is convicted under section 1791(a)(1) and punishable under section 1791(b)(1), the cross reference to section 2P1.2 provides that "the offense level is 2 plus the offense level from § 2D1.1, but in no event less than level 26."[3] USSG § 2P1.2(c)(1). Under section 2D1.1, Torrejon's base offense level would be 12. With the addition of two points, the offense level would be 14. However, the cross reference specifically states that the offense level shall not be less than 26. Accordingly, applying the unambiguous language of section 2P1.2(c)(1), the district court correctly determined Torrejon's base offense level to be 26. See United States v. Cruz, 58 F.3d 550, 554 (10th Cir.1995).
 
 
 17
 AFFIRMED.
 
 
 
 *
 Pursuant to the appellant's motion, this case was submitted for decision without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not decide whether the questions Nevell asked were "statements" within the meaning of the hearsay rule. See United States v. Oguns, 921 F.2d 442, 449 (2d Cir.1990); United States v. Lewis, 902 F.2d 1176, 1179 (5th Cir.1990)
 
 
 [2]
 A defendant is subject to punishment under section 1791(b)(1) if he or she provides an inmate with a "narcotic drug" as defined in 21 U.S.C. § 802. Torrejon provided 113 milligrams of heroin to Nevell, an inmate. As a derivative of opium, heroin is a "narcotic drug" under section 802. United States v. Lopez-Martinez, 725 F.2d 471, 473 (9th Cir.), cert. denied, 469 U.S. 837 (1984); United States v. Perez, 491 F.2d 167, 172 (9th Cir.), cert. denied, 419 U.S. 858 (1974)
 
 
 [3]
 Congress required the Sentencing Commission to provide this minimum base offense level of 26 in the Anti-Drug Abuse Act of 1988. Pub.L.No. 100-690, § 6468, 1988 U.S.C.C.A.N. (102 Stat.) 4181, 4376