94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay FRENCH, Defendant-Appellant.
 No. 95-30386.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1996.*
Decided Aug. 9, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay French appeals his conviction for "using" or "carrying" a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). French contends that insufficient evidence was introduced to prove that he "used" or "carried" the firearm at issue. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.
 
 
 3
 * On October 18, 1994, Helena, Montana police officers, accompanied by an FBI agent and a probation officer, conducted a search of French's trailer home. The officers were searching for a probationer who allegedly violated the terms of his probation by changing residences without advising his probation officer. French initially consented to a search for the probationer and later consented to a general search of his trailer home.
 
 
 4
 When the officers first entered French's residence, they observed French sitting on a couch. Directly between French's feet was observed a loaded .357 caliber handgun with its handle and cylinder protruding from under the couch. The officers later discovered a nylon bag containing methamphetamine and $1,190 in cash between the cushions of the couch on which French was sitting.
 
 
 5
 French was indicted for one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and three counts of "using" or "carrying" a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The conspiracy count and one of the firearm counts were dismissed before the case went to the jury. The jury convicted French on one of the two remaining firearm counts. Specifically, French was convicted of violating 18 U.S.C. § 924(c)(1) by "using" or "carrying" the .357 caliber handgun in relation to the drug trafficking crime of possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).
 
 II
 
 6
 French contends that there was insufficient evidence to prove that he was "using" or "carrying" the .357 caliber handgun in relation to his possession of the methamphetamine found in the nylon bag. We agree. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). Based on the Supreme Court's recent decision in Bailey v. United States, 116 S.Ct. 501 (1995) and our recent decision in United States v. Hernandez, 80 F.3d 1253 (9th Cir.1996), we conclude that there was no evidence that French "used" or "carried" the weapon as those terms are defined for purposes of 18 U.S.C. § 924(c)(1).
 
 
 7
 * In Bailey, the Supreme Court explained that in order for one to be convicted for "using" a firearm in relation to a drug offense, the evidence must show "active employment" of the weapon. 116 S.Ct. at 506. A defendant does not "use" a firearm by placing it near drugs to "provide a sense of security or to embolden." Id. at 508. Mere possession for protection does not constitute "use." Id.
 
 
 8
 The government argues that French did more than merely possess the weapon at issue. The government argues that the fact that the weapon was visible between French's feet was enough to constitute "use" of the weapon. The government relies on the Supreme Court's statement in Bailey that "a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.' " Id.
 
 
 9
 The government misinterprets the holding of Bailey. The Supreme Court explained that "[i]f the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used.' " Id. The fact that a firearm is visible does not necessarily mean that the presence of the firearm was "disclosed" in a "calculated" manner to "bring about a change in the circumstances of the predicate offense." Id. Disclosure of a firearm suggests an action by the defendant, while mere visibility of a weapon does not.
 
 
 10
 Under Bailey, French cannot be said to have "used" the .357 caliber handgun to "bring about a change in the circumstances of the predicate offense" of possessing methamphetamine. There is no evidence that French actively disclosed the firearm's presence to the searching officers in a calculated manner to protect his possession of the methamphetamine. French offered no resistance to the search of his residence nor to the seizure of the drugs upon their discovery. The passive presence of the firearm did not constitute "use" under 18 U.S.C. § 924(c)(1).
 
 B
 
 11
 The presence of the firearm between French's feet was also insufficient to constitute "carrying" under 18 U.S.C. § 924(c)(1). In Hernandez, we explained that "in order for a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defendant." 80 F.3d at 1258. Although the .357 caliber weapon was "immediately available for use" by French, he was not physically transporting the weapon when he was arrested. The firearm was lying on the floor in French's residence. Although French may have possessed the weapon, he was not "carrying" it.
 
 III
 
 12
 Because French was neither "using" nor "carrying" the .357 caliber firearm at issue in connection with his possession of methamphetamine, we conclude that the evidence was insufficient to support his conviction for violating 18 U.S.C. § 924(c)(1).
 
 
 13
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3