95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Jesse Manuel DUMBRIQUE, Defendant-Appellant.
 No. 94-50300.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Aug. 19, 1996.
As Amended Aug. 29, 1996.
 
 1
 Before: HALL and NOONAN, Circuit Judges, and SHUBB,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jesse Manuel Dumbrique appeals his conviction on the charge of using a firearm during and in relation to the robbery of a bank in violation of 18 U.S.C. § 924(c). He argues that in light of the recent Supreme Court decision Bailey v. United States, --- U.S. ----, 116 S.Ct. 501 (1995), decided after his trial and oral argument in this case, the evidence was not sufficient to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 On December 17, 1993, Dumbrique and Andres Hernandez robbed a branch office of the Bank of America in Newport Beach, California. Hernandez jumped the teller counter, told the bank manager that Dumbrique, who was standing guard in the lobby, had a machine gun, and proceeded to rob the tellers of $19,863. During the course of the robbery, Dumbrique held his hand in his jacket as if to indicate or simulate he had a gun. After Dumbrique and Hernandez fled the bank, officers of the Newport Beach Police Department tracked them with an electronic transmitter hidden in the stolen money. Within approximately a half hour of the robbery, officers tracked the signal to a 1981 Honda Accord parked at the Newport Beach Country Club lot. Officers shortly thereafter apprehended Dumbrique and Hernandez, who had commandeered a golf cart and had driven onto the golf course. Dumbrique had $900 in one-hundred dollar bills in his underwear, while Hernandez had $1,800 in one hundred dollar bills in his back pocket. Inside the Honda Accord, the officers found two handguns (a .38 caliber and a .22 caliber with a magazine and 15 rounds), $17,000 of the stolen money, the electronic tracking device, and clothes used by the bank robbers. Dumbrique's fingerprints were not found on the handguns.
 
 II.
 
 5
 Dumbrique and Hernandez were tried for the Newport Beach robbery and also for an earlier bank robbery committed in Torrance, California. A jury found them guilty of both robberies and of the use of a firearm in connection with each robbery. Dumbrique appeals his conviction under 18 U.S.C. § 924(c)(1) for use of a firearm in connection with the Newport Beach robbery.
 
 III.
 
 6
 Dumbrique contends the government presented insufficient evidence to establish that he "used" the firearm during the robbery. Evidence offered to support a conviction is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). "The test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict."[1] United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
 
 
 7
 Section 924(c)(1) provides for enhanced penalties if the defendant "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c)(1). In Bailey, the Supreme Court held the "use" element requires proof "the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, --- U.S. at ----, 116 S.Ct. at 509. Mere possession or presence of a firearm that serves to embolden or protect a defendant does not constitute use. Id. at 506. However, "an offender's reference to a firearm in his possession ... calculated to bring about a change in the circumstances of the predicate offense" may satisfy § 924(c)(1)'s "use" requirement. Id. at 508.
 
 
 8
 This court's recent decision in United States v. Jones, 84 F.3d 1206 (9th Cir.1996), is instructive. There, the defendant was convicted of using a firearm in the commission of a bank robbery in violation of 18 U.S.C. § 2113(d).[2] Id. at 1211. Applying Bailey's definition of "use" to the "use" requirement of § 2113(d), the Jones court found defendant's claims to bank tellers that he had a gun to compel them to comply with his demands for money were enough to establish "use", even though no one saw the gun and no fingerprints were lifted from a gun recovered in the cab used to flee the scene. Id. In reaching its conclusion, this court noted Bailey's guidance, " 'even an offender's reference to a firearm in his possession could' " constitute use. Id. (quoting Bailey, --- U.S. at ----, 116 S.Ct. at 508.
 
 
 9
 Jones leaves little doubt that the evidence here was sufficient to show Dumbrique "used" a firearm during and in relation to the bank robbery. An eyewitness testified Hernandez told bank employees his friend in the lobby had a "machine gun." This witness then looked over and saw Dumbrique in the lobby seeming to stand guard over other bank employees. Other witnesses testified Dumbrique held his hand in his pocket so as to indicate he possessed a gun or weapon and said to a bank employee, "Don't do it," implying that he would injure her if she disobeyed. Finally, two firearms were recovered in the Honda Accord shortly after the robbery.[3]
 
 
 10
 Given Dumbrique's obvious intent to coerce bank employees into complying with the demands for money, a jury could reasonably find his conduct, in combination with Hernandez's express reference to a gun, were "references" to a gun "calculated to bring about a change" in the bank robbery. Bailey --- U.S. at ----, 116 S.Ct. at 507. A jury could also reasonably find Dumbrique was in possession of a firearm when he made the references. See United States v. Ray, 21 F.3d 1134, 1141 (D.C.Cir.1994) (upholding jury finding that defendant had a firearm where he reached into his pocket while uttering threat to "blow the teller's head off"); see also United States v. Bernard, 48 F.3d 427, 430 (9th Cir.1996) (upholding conviction for possession of firearm based upon circumstantial evidence). The fact Dumbrique may have been bluffing, as in Jones, is of no consequence here given the powerful inference drawn from the record he "used" a firearm in the commission of the bank robbery.
 
 
 11
 We conclude any rational trier of fact could have found beyond a reasonable doubt Dumbrique "used" a firearm in violation of § 924(c)(1).[4]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, Chief United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that regardless of whether the evidence is sufficient to support a conviction for "use," Dumbrique's conviction must be upheld because the evidence supports a conviction for "carrying" a firearm in violation of § 924(c)(1). See United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996) (holding that "carrying" requires that the "defendant transported the firearm on or about his or her person"). This argument might have merit except Dumbrique was not indicted with "carrying" a firearm. See Excerpt of Record at 3, 5
 
 
 [2]
 Section 2113(d) provides:
 Whoever, in committing, or attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.
 
 
 [3]
 A Newport Beach police officer testified that approximately 15 minutes after the robbery he received an electronic tracking signal from a Honda Accord parked at the nearby Newport Beach Country Club. Once there, he saw money scattered over the right front passenger floor of the car, a gun on the right front seat, and another gun on the floor among the scattered money. Govt.'s Suppl. Excerpt of Record at 43-45
 
 
 [4]
 We note the district court's instruction that the jury could convict under § 924(c)(1) if Dumbrique had a firearm "available to assist" in the crime of violence appears to be incorrect in light of Bailey. See Bailey, --- U.S. at ----, 116 S.Ct. at 508. However, because Dumbrique failed to raise this issue on appeal after an opportunity to brief Bailey 's effect on this disposition, the court considers it waived. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996) (finding issue not raised on appeal waived); see also Miller v. Fairchild Industries, Inc., 797 F.2d 727, 738 (9th Cir.1986)