97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sabulon Cardenas CUELLAR, Defendant-Appellant.
 No. 95-50118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Sept. 17, 1996.
 
 1
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Sebulon Cardenas Cuellar has appealed his conviction on a number of grounds. We have separately considered whether it should be reversed on account of outrageous government conduct, and concluded in a published opinion that it should not be. We now address the remaining issues, and likewise as to them, find no reversible error.
 
 
 4
 * Cuellar argues that the district court erred in denying his motion for acquittal based on insufficient evidence to convict him of distributing 200 kilograms of cocaine.
 
 
 5
 Viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995) (internal quotations omitted). Cuellar's conviction rested on more than just his fingerprints. Compare United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991) (sole evidence of defendant's possession with intent to distribute was fingerprint evidence); Mikes v. Borg, 947 F.2d 353 (9th Cir.1991) (government's murder case rested exclusively on fingerprint evidence), cert. denied, 505 U.S. 1229 (1992); United States v. Vasquez-Chan, 978 F.2d 546, 551-52 (9th Cir.1992) ("presence of [defendant's] fingerprints ... by no means established that she exercised 'dominion and control over the contents").
 
 
 6
 Not only were Cuellar's fingerprints on several of the boxes containing the cocaine, but Cuellar possessed the pager with the same number that was used to arrange the cocaine transportation, and he had access to the post office box where the pager bills were sent; Cuellar borrowed the van that was used for the cocaine delivery on the day of the delivery and went with Neris to pick it up the next day; Cuellar directed Neris to the location of the van, the cocaine delivery site; and Cuellar subsequently was in possession of cocaine at the airport.
 
 II
 
 7
 Cuellar further argues that the district court erred in denying his motion to suppress the kilogram of cocaine obtained at the airport because he was unlawfully "stopped" without reasonable suspicion. We disagree.
 
 
 8
 The officer approached Cuellar in a public area of the airport; she told him that he was not under arrest, that he was not in any trouble; she asked to examine Cuellar's identification and airline ticket and returned them to him within thirty seconds after he produced them; and she asked for and obtained Cuellar's consent to search his luggage. She did not impede Cuellar's progress, display weapons, or ask questions in a threatening manner. Insofar as Cuellar testified to the contrary, the district judge did not abuse his discretion in finding that the officer was credible and Cuellar "is not a credible witness." Accordingly, Cuellar engaged in a consensual encounter and was not "stopped." United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989), cert. denied, 493 U.S. 1025 (1990) (holding that defendant traveler was not seized where officers approached him in public airport, did not display weapons, touch or restrain defendant, asked non-threatening questions, told him he was free to go, and defendant agreed to speak with officers).
 
 
 9
 Nor did the fact that the officer told the sky cap not to put Cuellar's suitcase on the conveyor belt until further notice amount to a seizure, as Cuellar contends. Id. (holding that "brief diversion of [defendant's] suitcases from their journey to the cargo hold was [not] a seizure" because defendant traveler already relinquished bags to a third-party common carrier and brief detention would not have interfered with defendant's travel or frustrated his expectations with respect to his luggage); United States v. Johnson, 990 F.2d 1129, 1132-33 (9th Cir.1993) (holding that officers did not interfere with defendant's possessory interest in suitcase where officers removed defendant's luggage from cart, took it to office and had dog sniff it before luggage would have been placed on airplane).
 
 III
 
 10
 Cuellar argues that the district court erred in denying his motion to sever Count I from Count II pursuant to Fed.R.Crim.Proc. 8(a); 14. He argues that the two counts are too dissimilar and joinder prejudiced him because proof of his possession of one kilogram at the airport may have been used by the jury to convict him of distributing 200 kilograms several months earlier.
 
 
 11
 The offenses are "of the same or similar character" and joinder was therefore proper. Fed.R.Crim.Proc. 8(a). Joinder here was not prejudicial. Fed.R.Crim.Proc. 14; United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987). Both counts alleged similar conduct, that Cuellar on separate occasions within a few months possessed and/or distributed cocaine. The fact that different quantities and different modes of transportation were involved does not preclude joinder. Id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3