FILED

MAR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30057 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05611-RJB-2 |
| v. | |
| ERIC MILLER PONDELICK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted March 7, 2012
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN, District Judge.[**]

Defendant-Appellant Eric Miller Pondelick ("Pondelick") appeals his jury

conviction for second-degree burglary in Indian country in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

18 U.S.C. §§ 13 and 1153, and Revised Code of Washington §§ 9A.52.030 and 9A.20.021.  We affirm.

Reviewing for plain error, we conclude that Pondelick was not denied his Fifth and Sixth Amendment rights during trial as a result of the pain he experienced due to an abscessed tooth and an ensuing infection.  After the government rested its case, Pondelick informed the district court of his medical condition but he neither indicated that he was unable to proceed with trial nor requested a recess.  The following morning, the district court raised the potential availability of a dentist.  Pondelick affirmatively declined to seek treatment and opted to proceed with the trial.  When Pondelick finally requested a delay in the proceedings, the district court granted his request.  Moreover, the district court engaged in a lengthy colloquy with Pondelick regarding his right to testify.  At the end of the exchange, Pondelick acknowledged that he had discussed with his counsel the issue of whether to testify, and he subsequently informed the district court that he had decided to remain silent.  Pondelick did not express any reservations about testifying in his own defense or that he was unable to make an informed decision regarding his right to testify as a result of his medical condition.  Under these circumstances, there is no evidence that Pondelick's medical condition

2

interfered with his ability to exercise his constitutional rights. Accordingly, there was no error.

We also conclude that the district court did not err in declining to provide a jury instruction regarding the credibility of drug abusers. Pondelick conceded that his counsel thoroughly cross-examined the witnesses about their drug addictions. *United States v. Vgeri*, 51 F.3d 876, 881 (9th Cir. 1995). The district court also gave a general credibility instruction that listed numerous factors in which a witness's credibility could be impacted by drug use. *Id.* Therefore, a separate jury instruction regarding the credibility of drug abusers was not required, and the absence of such an instruction did not interfere with Pondelick's ability to argue his theory of defense with respect to the witnesses' drug abuse. *Id.*

Finally, no plain error occurred when the government commented during closing argument on Pondelick's failure to assert his innocence in a recorded telephone call to a friend. The government's statements were tied to specific evidence admitted at trial, not to Pondelick's decision whether to testify at trial. In addition, the district court properly instructed the jury on the presumption of innocence, the burden of proof, and Pondelick's right to remain silent.

**AFFIRMED.**