**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10188 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00057-FMTG-1 |
| v. | |
| JIAN BING WU, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted October 18, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Jian Bing Wu appeals his conviction for conspiracy to commit marriage

fraud, in violation of 18 U.S.C. § 371, and marriage fraud, in violation of 8 U.S.C.

§ 1325(c). He challenges the district court's denial of his motions for judgment of

acquittal and his motion for mistrial and dismissal based on a purported *Brady* /

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Giglio* violation. Wu also challenges the district court's decision to deliver an *Allen* charge to the jury. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's denial of a motion for acquittal de novo, viewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994). Under 8 U.S.C. § 1325(c), it is a crime to "knowingly enter[] into a marriage for the purpose of evading any provision of the immigration laws." We examine whether, in view of all of the facts and circumstances, the couple "intend[ed] to establish a life together at the time they were married." *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir. 1975). The evidence introduced at trial, viewed in the light most favorable to the prosecution, would allow any rational trier of fact to conclude that Wu married his wife to obtain a green card and that the couple did not intend to establish a life together at the time they were married. Accordingly, the district court did not err in denying Wu's motions for acquittal.

The district court also did not err in denying Wu's motion for a mistrial and dismissal based on the prosecution's failure to disclose before trial that Wu's ex-wife, a government witness, intended to disavow her prior written statement. We review a denial of a motion for mistrial for an abuse of discretion. *See United*

2

*States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir. 1998). Challenges to a conviction for alleged *Brady* / *Giglio* violations are reviewed de novo. *See United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995). Here, the district court correctly observed that the prosecution was under an obligation to inform Wu of his wife's disavowal of her prior written statement, but that no *Brady* / *Giglio* violation occurred and no mistrial was warranted because the information came to light early in the trial while it was "still of substantial value" to the defense. *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988); *see also United States v. Chung*, 659 F.3d 815, 831 (9th Cir. 2011).

Finally, the district court did not abuse its discretion in delivering an *Allen* charge after the jury informed the court it had deadlocked. We must uphold the district court's decision unless the record makes it clear that the *Allen* charge had a coercive effect on the jury. *See United States v. Daas*, 198 F.3d 1167, 1179 (9th Cir. 1999). We discern no coercive effect here in light of the neutral form of the charge given, the length of time the jury deliberated after receiving the charge in relation to the total time of deliberation, and the lack of any other indicia of coerciveness in the record. *See United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002); *Daas*, 198 F.3d at 1180; *United States v. Hernandez*, 105 F.3d 1330, 1334 (9th Cir. 1997).

AFFIRMED.