NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50229 |
| Plaintiff-Appellee, | 18-50373 |
| v. | D.C. No. 2:16-cr-00538-RGK-4 |
| JAMIE MATSUBA, AKA Jamie Michaels, AKA Jamie Yukari, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50232 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00538-RGK-5 |
| v. | |
| TAKAHARO THOMAS MATSUBA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 4, 2020
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: OWENS and BUMATAY, Circuit Judges, and MOLLOY,** District Judge.

Following a seven-day jury trial, Jamie Matsuba and Takaharo Thomas Matsuba were convicted of mortgage fraud and conspiracy to commit mortgage fraud, wire fraud, and identity theft based on a multi-million-dollar foreclosure rescue scheme targeting distressed homeowners in the Los Angeles area from 2008 to 2015. They were sentenced, by application of an 18-level loss enhancement, to 135 months and 168 months, respectively. The defendants allege error at every stage of the proceeding. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the convictions but reverse and remand for resentencing.

1. Even assuming without deciding that jurors K.W. and M.M. should have been excused for cause, *see United States v. Kechedzian*, 902 F.3d 1023, 1028–30 (9th Cir. 2018), a new trial is not warranted because the defendants were tried by an impartial jury that did not contain either contested juror, *United States v. Martinez-Salazar*, 528 U.S. 304, 315–17 (2000); *Ross v. Oklahoma*, 487 U.S. 81, 88, 91 (1988). This is not the situation where "the trial court deliberately misapplied the law in order to force the defendants to use a peremptory challenge

---

** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

to correct the court's error." *Martinez-Salazar*, 528 U.S. at 316. Nor did the defendants request any additional peremptory challenges for selection of the petit jury, as Federal Rule of Criminal Procedure 24(b) expressly permits in a multi-defendant case.

2. The defendants' due process rights were not violated by the government's late disclosure of emails between a homeowner witness and an employee of the Matsubas that the homeowner had attributed to Thomas. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). While it is undisputed the disclosure should have been made earlier, the emails were provided before the close of evidence and the defense was able to recall the witness and cross-examine her on their contents. The emails were therefore disclosed "at a time when the disclosure remain[ed] of value." *United States v. Juvenile Male*, 864 F.2d 641, 647 (9th Cir. 1988); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) (no *Brady* violation where defendant could cross-examine witness about late-disclosed information); *United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995) (same); *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (same).

3. Nor did the witness's incorrect recollection violate *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The defendants fail to show that the witness "*knew* h[er] testimony was inaccurate at the time [s]he presented it, rather than [her] recollection merely being mistaken, inaccurate or rebuttable." *Henry v. Ryan*, 720

F.3d 1073, 1084 (9th Cir. 2013). While the government had an obligation to provide the emails and "correct the record to reflect the true facts," *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005), the witness explained, even after being recalled to the stand, why she thought she was communicating with Thomas.

4. The district court failed to expressly resolve the parties' loss versus gain dispute. Fed. R. Crim. P. 32(i)(3)(B); *see* USSG §2B1.1 cmt. n.3(B). We have "mandated strict compliance with Rule 32, explaining that the rulings must be express or explicit." *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013) (internal quotation marks and citations omitted). "[I]t is well settled law in this circuit that when the district court fails to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing." *United States v. Job*, 871 F.3d 852, 870 (9th Cir. 2017) (internal quotation marks and citations omitted). In light of reversal and remand for resentencing on this ground, we do not address the parties' arguments regarding the adequacy of the district court's determination of the final loss amount. Nevertheless, the district court should consider the parties' concerns on remand.

5. Even though the district court cited the incorrect statutory framework in its restitution order, the defendants fail to show this error affected their substantial rights or "seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings." *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th

4                                                                    18-50229

Cir. 2010) (internal quotation marks and citations omitted). However, the district court abused its discretion by not offsetting the amounts the Matsubas paid towards maintenance and homeowners' association fees. *See United States v. Kaplan*, 839 F.3d 795, 802 (9th Cir. 2016) ("[I]t would be an abuse of discretion for a district court to issue a restitution award that makes a victim more than whole, such as by awarding a windfall."). Accordingly, we also remand for reconsideration of the restitution award.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**