**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30210 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00157-SPW-3 |
| v. | |
| RYAN MCGUIRE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 9, 2022[**]
Seattle, Washington

Before: IKUTA and MILLER, Circuit Judges, and PREGERSON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Ryan McGuire appeals from his convictions for (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1), and (2) distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Considering the evidence adduced at trial "in the light most favorable to the prosecution," the evidence that McGuire conspired to distribute methamphetamine was "adequate to allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (cleaned up).  The government presented evidence that Angela Killen was engaged in the sale of controlled substances; that Killen told the undercover agents she had a methamphetamine connection; that almost immediately after McGuire entered Killen's house, the agents received a phone call regarding the methamphetamine; and that McGuire was present during the transaction, where he pulled a package of methamphetamine from his pocket and handed it to Killen, who then sold the methamphetamine to the agents.  Based on this evidence, a rational jury could conclude that McGuire had conspired to distribute methamphetamine with Killen.  *See United States v. Vgeri*, 51 F.3d 876, 879–80 (9th Cir. 1995).

The district court did not plainly err in not providing a specific buyer-seller instruction "focus[ing] specifically on the difference between a buyer-seller relationship and a coconspirator relationship," because the district court provided other jury instructions that adequately conveyed that distinction. *United States v. Moe*, 781 F.3d 1120, 1128 (9th Cir. 2015).

The district court did not violate McGuire's due process rights by sustaining the government's hearsay objections to McGuire's efforts to elicit Agent Osborne's recollection of Killen's out-of-court statements. Such testimony was not admissible under the state of mind hearsay exception, because Killen's out-of-court statements identifying someone other than McGuire as the methamphetamine supplier were made years after the transaction, and were not spontaneous. *See United States v. Miller*, 874 F.2d 1255, 1264 (9th Cir. 1989). Rather, Killen's out-of-court statements are more "statement[s] of memory or belief to prove the fact remembered or believed," which do not fall within the state of mind hearsay exception. Fed. R. Evid. 803(3). Nor was such testimony admissible under *Kyles v. Whitley*, 514 U.S. 419 (1995), as out-of-court statements shedding light on the quality of a police investigation. *Kyles* establishes no such exception to relevant hearsay rules.

Further, the district court's exclusion of Agent Osborne's testimony as to Killen's out-of-court statements did not violate McGuire's right to present a complete defense under *Chambers v. Mississippi*, 410 U.S. 284 (1973). Given the district court's determination that Killen was available to testify, and that McGuire could have called her as a witness and elicited her testimony directly, McGuire was not deprived of the ability to present his defense adequately.

**AFFIRMED.**