NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN SADDLER Sr.,

Defendant - Appellant.

No. 24-3912

D.C. No.
4:23-cr-00012-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted June 11, 2025[**]
Portland, Oregon

Before: SCHROEDER, TALLMAN, and OWENS, Circuit Judges.

Shawn Saddler, Sr., appeals from his conviction of aggravated sexual abuse

of Jane Doe 1, abusive sexual contact with Jane Doe 1, and abusive sexual contact

with Jane Doe 2. We review the denial of Saddler's motion for a judgment of

acquittal under Federal Rule of Criminal Procedure 29 de novo. *See United States*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022). We review the district court's refusal to give a drug user jury instruction for abuse of discretion. *See United States v. Vgeri*, 51 F.3d 876, 881 (9th Cir. 1995). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Saddler guilty of abusive sexual contact with Jane Doe 2 beyond a reasonable doubt. *See Hylton*, 30 F.4th at 846. Jane Doe 2's testimony supports Saddler's conviction of abusive sexual contact with Jane Doe 2. While Jane Doe 2 was unable to identify Saddler in court, his identity was not in question, and Jane Doe 2 identified him as the perpetrator by name. *See United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013). Ultimately, it was up to the jury to decide whether to believe Jane Doe 2's testimony, and we "cannot second-guess the jury's credibility assessments." *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010); *see also United States v. Brady*, 579 F.2d 1121, 1127 (9th Cir. 1978).

In addition, the lack of physical evidence is not dispositive here as "[i]t is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (citation omitted).

24-3912

2. We generally do not review claims of ineffective assistance of counsel on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Saddler has not met either of the "two exceptions to this rule against direct review." *Id.* Therefore, we decline to reach this issue.

3. The district court did not abuse its discretion by declining to give Saddler's proposed drug user instruction. Saddler did not establish that the witness in question was using drugs at the time of her testimony. *See United States v. Ochoa-Sanchez*, 676 F.2d 1283, 1289 (9th Cir. 1982). He had the opportunity to and did cross-examine the witness about her drug use, and argued about the drug use during closing arguments. *See id.* The district court also provided a jury instruction listing the factors that the jury could consider in weighing a witness's testimony, including the witness's "opportunity and ability to see or hear or know the things testified to," "memory," and "manner while testifying." *See Vgeri*, 51 F.3d at 881.

**AFFIRMED.**