**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eusebio DIAZ–ROSAS, Defendant–Appellant.**

**No. 92–30411.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Memorandum Disposition Filed Oct. 1, 1993.

Memorandum Disposition Withdrawn on Denial of Rehearing and Rehearing En Banc Jan. 3, 1994.

Decided Jan. 6, 1994.

Linda Friedman Ramirez and Leslie Nori Kay, Portland, OR, for defendant-appellant.

Michael W. Mosman and Frank Noonan, Asst. U.S. Attys., Portland, OR, for plaintiff-appellee.

Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.

PER CURIAM:

Eusebio Diaz–Rosas was convicted of one count of possession with intent to distribute cocaine, and one count of conspiracy to possess with intent to distribute cocaine. He now appeals his conviction on the conspiracy charge, and his sentence of 108 months. The only significant issue is whether the district court erred in sentencing on the conspiracy charge when it included in calculating the amount of cocaine involved in the conspiracy a quantity which the defendant had been acquitted of possessing personally. We affirm.

## I. FACTS

On November 5, 1991, two Oregon law enforcement officers stopped a vehicle containing Mr. Diaz–Rosas and two other men on Interstate 5 just south of the Washington–Oregon border. The officers were acting on information provided by Seattle Customs Agent Ann Harkonnen, who had learned from a confidential reliable informant that the driver of the car, Filiberto Guizar, would

be carrying drugs from Seattle to Portland in a dark Mercedes on November 5, 1991. Harkonnen had placed the Mercedes under surveillance beginning on November 4, 1991 and had followed it south on I–5 to the Oregon border, where the Oregon agents took over. The Oregon officers also had an outstanding warrant for Guizar's arrest.

After obtaining written consent, the officers searched the interior of the car, but found nothing. The district judge found that they then obtained oral consent to further search the exterior of the car. Ultimately, several plastic bags containing 2,999 grams of cocaine were found in the front wheel well of the car. All three men were arrested.

Defendant was arrested again three months later, in February of 1992, in Mollala, Oregon. This time, agents had received information from a different informant that a drug deal was to occur on February 15. The agents came to suspect that Mr. Diaz–Rosas was involved in the transaction. Acting on this information, officers stopped a car driven by Mr. Gomez–Sauzo, in which defendant was riding. Twenty grams of cocaine contained in sheet rock material was found in the car.

A superseding indictment filed on March 25, 1992, charged defendant with two counts of possession of cocaine based on the November 5 and February 15 stops, and one count of conspiracy to possess with intent to distribute cocaine. Both the November 5 and the February 15 incidents were alleged as overt acts of the conspiracy.

Before trial, defendant moved to suppress the cocaine seized during the November 5 search. The motion was denied, and defendant was convicted of conspiracy and one count of possession, based on the February 15 incident. Defendant was acquitted of the November possession charge. The district court sentenced the defendant to 108 months in prison based on the total amount of cocaine seized in both incidents, and a two level increase for defendant's role in the offense.

## II. CONSPIRACY CONVICTION

Appellant first challenges his conspiracy conviction on the grounds that the district court erred in denying his motion to suppress the 2,999 grams of cocaine seized on November 5, 1991. The district court ruled that agents had probable cause to search the car, and, in the alternative, that the defendant had consented to the search.

■ We agree that probable cause existed for the search, and therefore need not reach the issue of consent. Seattle customs agent Ann Harkonnen had information from a reliable informant that co-defendant Guizar would be carrying drugs from Seattle to Portland in a dark Mercedes. Harkonnen put the car under surveillance in Seattle on November 4, 1991, and followed it along the route specified by the informant on November 5. Oregon agents acting on precise information provided by Agent Harkonnen stopped the car shortly after it crossed the Washington/Oregon border.

The information provided by the informant, corroborated in part by the agents who followed the Mercedes across the Oregon border, provides probable cause to justify a search of the car. *See Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (probable cause exists "if there is a fair probability that contraband ... will be found in a particular place."); *U.S. v. Arias*, 923 F.2d 1387 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 130, 116 L.Ed.2d 97 (1991).

## III. SENTENCE

■ Appellant then challenges his sentence, arguing that the district court should not have included the cocaine seized during the November 5 stop when computing his sentence because he had been acquitted of possessing that cocaine. He relies on this court's decision in *United States v. Brady*, 928 F.2d 844 (9th Cir.1991). In *Brady*, the defendant had been acquitted of murder and convicted only of voluntary manslaughter and assault with a dangerous weapon after a jury trial. The district court nevertheless departed upward from the Sentencing Guidelines based on the court's finding that the defendant "had acted with premeditation in committing the crimes for which he was convicted." *Id.* at 848. In reversing, we held that

to support an upward departure, a district court could not rely on facts that a jury had specifically rejected.

■ Appellant argues that *Brady* is controlling here, because his sentence was based in part upon a quantity of cocaine that he was acquitted of possessing. However, a defendant who is guilty of conspiracy to possess and distribute cocaine may properly be held accountable for any cocaine possessed or distributed by coconspirators, so long as that cocaine was foreseeable to him. It is not necessary that the defendant personally possessed all of the cocaine for which he is held accountable. U.S.S.G. § 1B1.3; *U.S. v. Conkins*, 987 F.2d 564 (9th Cir.1993). This case therefore differs from *Brady* in a very important respect: in this case, there was no inconsistency between the jury's verdict and the district court's finding that the defendant should be held accountable for the cocaine seized on November 5. The defendant was convicted of a conspiracy which included the November 5 incident as an overt act, and could accordingly be held accountable for that cocaine if it was foreseeable to him that his coconspirators would possess that amount. As required by the Sentencing Guidelines, the district court made a specific finding that the 2,999 grams seized in the November 5 incident were foreseeable to the defendant as part of the continuing conspiracy. *See* U.S.S.G. § 1B1.3.

■ Appellant also contends that the district court should have imposed a higher standard of proof in determining the foreseeability of the cocaine seized on November 5. Because the district court's finding is fully consistent with all of the evidence presented in these proceedings and the jury's verdict, however, there is no reason to depart from the established rule that relevant conduct in sentencing be established by a preponderance of the evidence. *See, e.g., United States v. Restrepo*, 946 F.2d 654 (9th Cir.1991) (en banc), *cert. denied*, — U.S. —, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992) (relevant conduct determined by preponderance of the evidence).

■ Finally, appellant challenges the district court's two-level upward adjustment for his role in the offense. This adjustment was based on the testimony of two co-defendants who stated they worked for the appellant and were being paid by him. Appellant on appeal challenges their credibility, but there is no basis in the record to substitute our judgment for the decision of the district court on that issue. Therefore, the district court's characterization of appellant as a "supervisor" was not clearly erroneous. *Cf. United States v. Peters*, 962 F.2d 1410, 1415 (9th Cir.1992).

AFFIRMED.