141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Robert Earl JACKSON, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Donald HOGAN, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Lester Wayne LEWIS, aka Les, Defendant-Appellant.
 No. 96-10449, 96-10450, 96-10568.
D.C. No. CR-94-00044-DWH.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1998.
Decided Mar. 30, 1998.
 
 Appeal from the United States District Court for the District of Nevada David Warner Hagen, District Judge, Presiding.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.
 
 
 3
 Issuance of the wiretap order was not clearly erroneous because Special Agent O'Kuniewicz's affidavit provides a substantial basis for the district court's finding of probable cause. United States v. Meling, 47 F.3d 1546, 1552 (9th Cir.1995). Because there was probable cause to find individualized suspicion for the persons named in the affidavit, we reject Appellants' claim that the wiretap was issued based on racial stereotypes. Furthermore, the affidavit satisfies the "necessity" requirement of 18 U.S.C. § 2518(1)(c). As such, the district court did not err in allowing admission of the wiretap evidence. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993).
 
 
 4
 Appellants do not present evidence regarding the population characteristics of the relevant community for jury selection or of any systematic exclusion of minorities from jury selection. They fail, therefore, to establish that they were denied a trial by a fair cross section of the community. Duren v. Missouri, 439 U.S. 357, 364-67, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).
 
 
 5
 The district court properly investigated the dismissed juror's statements by holding a hearing, questioning the affected juror, and allowing counsel to question the affected juror. United States v. Koon, 34 F.3d 1416, 1443 (9th Cir.1994), rev'd. on other grounds, Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court did not abuse its discretion by declining to expand its investigation to include the remaining jurors.
 
 
 6
 We reject the claim by Appellants Hogan and Jackson that United States v. Manarite, 44 F.3d 1407 (9th Cir.1995) requires reversal of their conspiracy convictions. The underlying objectives charged in the indictment, violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 856(a)(1), are legally sufficient to support a conspiracy conviction under 21 U.S.C. § 846.
 
 
 7
 We also reject their claim that alleged competition between co-conspirators precludes finding a single conspiracy. Consistency of key personnel and method of operation militate against finding smaller, independent conspiracies. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984). The evidence shows that the same individuals were repeatedly involved in similar transactions and is sufficient to support finding a single conspiracy.
 
 
 8
 In a drug conspiracy, an individual can be deemed to "know that he is part of an overall distribution network, each portion of which must work if anyone is to benefit." United States v. Brown, 912 F.2d 1040, 1044 (9th Cir.1990). Because the evidence shows that Appellant Jackson had more than a slight connection to the conspiracy, there is sufficient evidence to find that he was a member of the conspiracy. Bibbero, 749 F.2d at 587.
 
 
 9
 There is sufficient evidence to support Jackson's conviction for distribution of cocaine base pursuant to 21 U.S.C. § 841(a)(1). A rational trier of fact could find that circumstantial evidence establishes beyond a reasonable doubt that Appellant Jackson delivered drugs to Lamont Williams on June 2, 1993. United States v. Lennick, 18 F.3d 814, 820 (9th Cir.1994).
 
 
 10
 The search of Appellant Lewis' residence which resulted in the seizure of cocaine base also revealed items used for street distribution of drugs. Therefore, there is sufficient evidence to support Lewis' conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute the cocaine base found during this search.
 
 
 11
 Appellant Lewis' statements regarding his trip on or about April 30, 1994 between Reno and Los Angeles to acquire cocaine base provide sufficient evidence to support his conviction for interstate travel in aid of racketeering under 18 U.S.C. § 1952(a)(3).
 
 
 12
 Appellant Hogan's statements arranging his trip along with his subsequent arrival in Reno on June 11, 1994 to distribute cocaine provide sufficient evidence to support his conviction under 18 U.S.C. § 1952(a)(3) for interstate travel in aid of racketeering.
 
 
 13
 The evidence supports finding that Shawn Washington traveled from Reno to Los Angeles on July 12, 1994 to acquire cocaine base for distribution in Reno. Because Appellant Hogan was convicted of the conspiracy, there is sufficient evidence to support his conviction under 18 U.S.C. § 1952(a)(3) in relation to this travel. Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The evidence shows that Appellant Lewis ordered cocaine base from and provided drug proceeds to Shawn Washington, who would then travel to Los Angeles to acquire cocaine base for distribution in Reno. Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Appellant Lewis' actions aided and abetted Washington's July 12, 1994 travel. United States v. Smith, 832 F.2d 1167, 1169-70 (9th Cir.1987).
 
 
 14
 There is sufficient evidence to support the convictions of Appellants Hogan and Lewis of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b), based on the telephone conversations in which they were direct participants. There is also sufficient evidence to convict Appellant Hogan of the April 20, 1994 telephone conversation between Robert Wallace and Shawn Washington. Pinkerton, 328 U.S. at 646-47; United States v. Rodriguez Cortes, 949 F.2d 532, 539 (1st Cir.1991).
 
 
 15
 There is sufficient evidence to support Appellant Lewis' conviction as an aider and abettor of the June 10, 1994 telephone conversation between Appellant Hogan and Shawn Washington. In particular, Appellant Lewis ordered drugs that subsequently were delivered as a result of this telephone conversation. A rational trier of fact could find that Appellant Lewis' actions aided and abetted the telephone conversation arranging the trip to deliver the drugs that he had ordered. Smith, 832 F.2d at 1169-70.
 
 
 16
 Appellants' general claim that numerous taped conversations were hearsay as to at least one defendant does not leave us with "the definite and firm conviction" that the statements were inadmissible under Fed.R.Evid. 801(d)(2)(E). United States v. Zavala-Serra, 853 F.2d 1512, 1515 (9th Cir.1988). The district court did not err by admitting statements made after early May 1994 against Appellant Jackson because he did not affirmatively withdraw from the conspiracy. United States v. Lothian, 976 F.2d 1257, 1261-62 (9th Cir.1992).
 
 
 17
 We reject the claim that multiple convictions under 21 U.S.C. 843(b), for using the telephone to facilitate the conspiracy, constitute "impermissible stacking" of charges. United States v. Rodriguez, 546 F.2d 302, 306-07 (9th Cir.1976).
 
 
 18
 Appellants' arguments that it is unconstitutional to punish crack cocaine more severely than powder cocaine have been rejected by this court. United States v. Jackson, 84 F.3d 1154, 1160 (9th Cir.1996); United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992); United States v. Shaw, 936 F.2d 412, 416 (9th Cir.1991). The Sentencing Commission's recommendation to Congress that it reconsider the 100-to-1 ratio does not alter our decision. United States v. Dumas, 64 F.3d 1427, 1430 (9th Cir.1995).
 
 
 19
 The testimony of a co-conspirator given under oath and subject to cross-examination bears an "indicia of reliability." United States v. Vought, 69 F.3d 1498, 1503 (9th Cir.1995). The district court did not abuse its discretion by relying on the trial testimony of informant witnesses at sentencing.
 
 
 20
 A district court may use a method of approximating the relevant quantity of drugs at sentencing that relies on multiplying. United States v. August, 86 F.3d 151, 154-55 (9th Cir.1996). The district court relied upon the trial record for discrete amounts or on multiplication of the minimum quantity of drugs by the minimum number of transactions. It did not clearly err in determining the quantity of drugs attributable to the Appellants at sentencing.
 
 
 21
 A preponderance of the evidence supports finding that the conspiracy involved more than five participants and that Appellant Hogan controlled the supply of cocaine base to the Reno conspirators from Los Angeles. Therefore, the district court did not clearly err in applying an upward adjustment for his role as an "organizer or leader" in the conspiracy. United States v. Ponce, 51 F.3d 820, 826-827 (9th Cir.1995).
 
 
 22
 A preponderance of the evidence also supports the district court's finding that Jackson made trips from Indiana with money to pick up drugs and that he supervised the person who accompanied him on the trips. As such, it was not clearly erroneous to apply an upward adjustment to Jackson's sentence for his role as a "manager or supervisor" of at least one other participant. United States v.. Helmy, 951 F.2d 988, 997 (9th Cir.1991).
 
 
 23
 Although putting the government to its burden of proof at trial is not an automatic basis for denying an acceptance of responsibility reduction, this is not an exceptional case. United States v. McKinney, 15 F.3d 849, 852 (9th Cir.1994). Appellants Hogan and Jackson contested their factual guilt and presented statements expressing remorse only slightly before their sentencing. The district court did not abuse its discretion in denying them a reduction for acceptance of responsibility. United States v. Easter, 66 F.3d 1018, 1024 (9th Cir.1995).
 
 
 24
 We reject Appellant Jackson's claim that he withdrew from the conspiracy because he was "fired" by his co-conspirators. The focus for showing withdrawal from a conspiracy is on the actions of the defendant, not the actions of his co-conspirators. Lothian, 976 F.2d at 1261-62. The district court did not err in finding that Appellant Jackson was still a member of the conspiracy after May 1, 1994.
 
 
 25
 The district court did not err in refusing to depart downward to avoid unequal treatment in sentencing between Appellants and co-defendants who pled guilty. United States v. Mejia, 953 F.2d 461, 467-468 (9th Cir.1991). Furthermore, the factors presented by Lewis in support of a downward departure do not take his particular case "outside the heartland of the applicable Guideline." Koon, 116 S.Ct. at 2051.
 
 
 26
 Finally, relevant conduct at sentencing must be proven by a preponderance of the evidence, not clear and convincing evidence. United States v. Diaz-Rosas, 13 F.3d 1305, 1308 (9th Cir.1994). In addition, a district court may rely on the trial testimony of witnesses in determining relevant conduct at sentencing. United States v. Notrangelo, 909 F.2d 363, 364-66 (9th Cir.1990). The district court relied on the trial testimony of witnesses that the it found credible regarding the three discrete amounts challenged by Appellant Lewis and did not err in determining his relevant conduct at sentencing. It did not hold that sentencing facts can only be proved at trial.
 
 
 27
 For these reasons, the district court's decisions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3