**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10039 |
| Plaintiff - Appellee, | D.C. No. 4:07-CR-01919-JMR-HCE-1 |
| v. | |
| RAUL SALAS DE LA ROSA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted February 10, 2010[**]
San Francisco, California

Before: HALL, THOMPSON and McKEOWN, Circuit Judges.

The defendant, Raul Salas de la Rosa, was convicted of four offenses for

importation and possession of cocaine: conspiracy to possess with intent to

distribute cocaine; possession with intent to distribute cocaine; conspiracy to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

import cocaine; and importation of cocaine. The defendant appeals the district court's denial of his motion to suppress evidence obtained from his vehicle and his home at the time of his arrest. The defendant contends that there was no probable cause justifying the warrantless search of his vehicle and that the search of his house, based on his wife's consent, was improper because the police prevented him from voicing his objection to the search. In addition, the defendant argues for the first time on appeal that his wife's consent was not voluntary. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* the district court's denial of a motion to suppress, but review the district court's factual findings for clear error. *United States v. Diaz*, 491 F.3d 1074, 1077 (9th Cir. 2007). We may affirm the denial of the motion to suppress on any basis supported by the record. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006).

*The Vehicle Search*

The "police may conduct a warrantless search of a vehicle if they have probable cause to believe that it contains contraband. This rule is known as the 'automobile exception' to the general requirement that police must obtain a warrant before executing a search." *United States v. Pinela-Hernandez*, 262 F.3d 974, 977-78 (9th Cir. 2001) (internal citations omitted). Probable cause exists if

there is a fair probability that contraband or evidence of a crime will be found in a particular place based on the totality of the circumstances. *Id.* at 978.

The district court correctly concluded that there was probable cause because there was a fair probability that the black duffel bag in the defendant's vehicle contained cocaine. *See id.* The police observed the defendant retrieve the black duffel bag from a suspected drug smuggler in a manner and location nearly identical to a prior cocaine transfer.

Based on information from a reliable informant, the police determined that a United States Consulate employee, Oscar Carreon, had smuggled cocaine into the United States using a Consulate vehicle and transferred the cocaine in a black duffel bag at the Grand Court Plaza parking lot in Nogales, Arizona. One month later, after a computer check revealed that Carreon had crossed the border in a Consulate vehicle that morning, the police observed the defendant retrieve a black duffel bag from Carreon's Consulate vehicle in the Grand Court Plaza parking lot. The police confirmed Carreon's identity and verified that the Consulate vehicle he was driving had just crossed the border before rendezvousing with the defendant in an isolated area of the Grand Court Plaza parking lot. The police observed the defendant place the black duffel bag in the passenger compartment of his car.

Under the totality of these facts, there was a fair probability that the black duffel bag plainly visible in the defendant's car contained cocaine. The district court therefore correctly concluded that probable cause existed for the warrantless search of the defendant's vehicle. *See, e.g., Pinela-Hernandez*, 262 F.3d at 978; *United States v. Diaz-Rosas,* 13 F.3d 1305, 1306-07 (9th Cir. 1994).

The defendant's reliance on the Court's recent decision in *Arizona v. Gant*, 129 S. Ct. 1710 (2009) is misplaced. *Gant* applies to the warrant exception for searches incident to arrest, not the automobile exception. In any event, the search of the defendant's vehicle was lawful as a search incident to his arrest under *Gant*, and therefore provides an alternative basis to affirm the district court's decision. C*houdhry*, 461 F.3d at 1100. Based on the facts above, the police had probable cause to arrest the defendant on drug charges and it was reasonable to believe that drugs were in his car. The police were therefore authorized to search the defendant's vehicle for "offense-related evidence" even though the defendant was already in custody. *Gant*, 129 S. Ct at 1719.

*The Home Search*

The defendant contends that his wife's consent to search their home was invalid because the police sought to avoid his objection by arresting and detaining him outside his house. The defendant also contends, for the first time in this

-4-

appeal, that his wife's consent was not voluntary. Both contentions lack merit.

A co-tenant's consent to search a common residence is valid "[s]o long as there is no evidence that the police have removed the potentially objecting tenant from the entrance for the sake of avoiding a possible objection." *Georgia v. Randolph,* 547 U.S. 103, 121-22 (2006). *See also United States v. Brown*, 563 F.3d 410, 416-17 (9th Cir. 2009). Thus, an objecting tenant, like the defendant, who is "nearby but not invited to take part in the threshold colloquy [to search the home], loses out." *Randolph,* 547 U.S. at 121.

Here, the police did not remove the defendant from the entrance of his home. The police arrested the defendant as he exited his vehicle and detained him there for safety reasons, which the defendant does not dispute. The defendant was held only 25 yards from his home and was only 10-15 feet away from his wife at the time she consented. There is no evidence that the police did anything to avoid or prevent the defendant's objection. *See Brown*, 563 F.3d at 417. That the police did not ask the defendant for his consent to search the home does not invalidate his wife's consent because the defendant was "justifiably absent from the search colloquy" and did not voice any objection on his own. *Id*. at 417-18. We therefore affirm the district court's decision that the wife's consent to search the home was valid against the defendant.

The defendant also contends, for the first time in this appeal, that his wife's consent to search the house was not voluntary. We have discretion to consider this new argument only if the district court's decision constituted "plain error" that "affect[s] substantial rights." Fed. R. Crim. P. 52(b). *United States v. Olano*, 507 U.S. 725, 732-35 (1993). The defendant cannot meet this standard.

As an initial matter, the defendant failed to address the plain error requirement in his opening brief. *See Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."). In any event, the defendant has not shown that the district court erred, much less that the error was "plain" or that it "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. There is no evidence indicating that the consent given by the defendant's wife was anything other than voluntary.

**AFFIRMED.**