**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10034 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03279-TUC-JGZ-1 |
| v. | |
| PAULINO LOPEZ-RIVAS, aka Chapo, aka Paulino Quintero | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge, and BATTAGLIA,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Paulino Lopez-Rivas appeals his conviction of conspiracy to possess 1000 kilograms of marijuana with the intent to distribute and the 168-month custodial sentence imposed by the district court. Lopez-Rivas maintains that a new trial is warranted because the government failed to disclose material impeachment evidence about a key government witness in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Lopez-Rivas further contends his Fifth and Sixth Amendment rights were violated by the district court's failure to declare a mistrial. Finally, Lopez-Rivas argues the district court erred in calculating his sentencing guidelines range, specifically by imposing a two-level enhancement for possession of a firearm and a three-level enhancement for Lopez-Rivas's role in the conspiracy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's denial of a mistrial based on an alleged *Brady* violation is reviewed de novo. *United States v. Howell*, 231 F.3d 615, 624 (9th Cir. 2000). Lopez-Rivas argues that his Fifth Amendment Due Process and Sixth Amendment Confrontation Clause rights were violated by the failure of the government to disclose a confidential informant's prior, unrelated work as a paid informant for the Drug Enforcement Agency (DEA). "Under *Brady*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *United States v.*

2

*Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011) (internal quotation marks omitted). "There are three components of a *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Id.* (alteration in original) (internal quotation marks omitted). Lopez-Rivas's *Brady* claim fails to establish suppression because the information was disclosed during trial, at a time when it was still useful to the defense. *See United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995) (impeachment evidence disclosed during trial was still valuable because the defense could use it on cross-examination). Moreover, although the information regarding the confidential informant was favorable to Lopez-Rivas, the witness's credibility was sufficiently undermined and Lopez-Rivas cannot demonstrate prejudice from the mid-trial disclosure. *See United States v. Rodriguez*, 766 F.3d 970, 989 (9th Cir. 2014).

Lopez-Rivas's Sixth Amendment arguments are similarly unavailing. Lopez-Rivas claims that his Sixth Amendment right to counsel, his Confrontation Clause right to effective cross-examination, and his right to present his theory of defense were violated by the district court's failure to declare a mistrial following the disclosure of the witness's prior status as a DEA informant. The arguments

3

raised by Lopez-Rivas are unsupported by the record and do not warrant a new trial. Lopez-Rivas expressly disclaims an ineffective assistance of counsel claim. Moreover, Lopez-Rivas was permitted to present his theory of the defense, one based largely on discrediting the witness-informant, throughout the trial. Lopez-Rivas was provided the recently discovered information about the witness's prior informant status, given an opportunity to review that information, and then permitted to continue cross-examination, employing all newly discovered evidence. The cross-examination of the witness "raised reasonable doubts as to [the witness's] motivation for testifying and there was sufficient impeachment evidence" for the jury to consider, *Gentry v. Sinclair*, 705 F.3d 884, 905 (9th Cir. 2013), and thus no Confrontation Clause violation occurred. *See United States v. James*, 139 F.3d 709, 713 (9th Cir. 1998). Lastly, Lopez-Rivas was not denied the opportunity to present his theory of the case because the information disclosed at trial complemented the defense strategy of attacking the credibility of the government witness.

Lopez-Rivas argues that the district court erred in calculating his sentencing guidelines by (1) applying a two-level enhancement for possession of a firearm by a co-conspirator, (2) applying a three-level enhancement for managerial role, and (3) denying a downward departure for acceptance of responsibility. A district

4

court's factual findings in sentencing are reviewed for clear error. *United States v. Doe*, 778 F.3d 814, 821 (9th Cir. 2015). No such error ensued. The record reflects adequate evidence to warrant application of the firearm enhancement, particularly as actual possession of a firearm is not required. *United States v. Lopez-Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998); *see also* U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2. Likewise, the record supports the district court's three-level enhancement for Lopez-Rivas's role in the conspiracy. Lopez-Rivas's final objection to the denial of a downward departure for acceptance of responsibility was omitted from discussion in his opening brief, and thus was waived. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (discussing exceptions to this rule not applicable here).

**AFFIRMED.**