**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50383 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03517-JLS-1 |
| v. | |
| LIZBETH GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

Lizbeth Gutierrez appeals her conviction for importing methamphetamine

and the district court's denial of her post trial motions for an acquittal or new trial.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The government's disclosure of impeachment evidence regarding its

expert witness Goldberg did not violate *Brady v. Maryland*, 373 U.S. 83 (1963).

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Although the evidence was not disclosed until trial, Gutierrez was able to impeach Goldberg during cross-examination, highlight the evidence in her closing argument and recall Goldberg for further cross-examination. *See United States v. Vgeri*, 51 F.3d 876, 880 (9th Cir. 1995) (holding the disclosure of evidence during trial did not violate *Brady* because the defendant could – and did – use the evidence on cross-examination); *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (holding the disclosure of documents during trial did not violate *Brady*, in part, because the defendant could "recall [the relevant witness] and reexamine him about the documents"). Gutierrez has not persuasively shown any prejudice from the late disclosure.

2. The district court did not err in permitting Goldberg's testimony to stand. Striking the testimony would have been inappropriate because the government's untimely disclosure was merely an inadvertent mistake, resulting from an oversight of Gutierrez's withdrawal of her stipulation. *See United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (holding a court should strike testimony only when the violation is "willful and motivated by a desire to obtain a tactical advantage" (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988))).

3. The government was not required to prove Gutierrez knew the imported substance was methamphetamine. Each of the arguments Gutierrez raises is

foreclosed by *United States v. Jefferson*, 791 F.3d 1013, 1017-19 (9th Cir. 2015), which held "a defendant's knowledge of the type and quantity of the controlled substance he imports is not . . . an element of the offense." *Id.* at 1016; *see also id.* at 1017-19.

4. Gutierrez failed to raise in the district court her argument that the jury instructions were impermissibly vague because they used the words "some other prohibited drug" instead of "controlled substance." The argument is therefore waived. *See Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). Regardless, any error in the jury instructions was harmless because no reasonable juror could have found Gutierrez knew the imported substance was a "prohibited drug" generally but not a "controlled substance" specifically.

5. Because the district court did not err in admitting Goldberg's testimony, rejecting Gutierrez's proposed jury instruction and finding there was no *Brady* violation, Gutierrez's remaining challenges necessarily fail.

**AFFIRMED.**

3